**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN M. LEWIS,
   Appellant,

  v.

OFFICE OF PERSONNEL
 MANAGEMENT,
   Agency.

DOCKET NUMBER
DE-0845-18-0373-I-1

DATE: March 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

John M. Lewis, El Mirage, Arizona, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging the Office of Personnel Management (OPM)'s overpayment decision as withdrawn. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On July 30, 2018, the appellant filed a Board appeal challenging OPM's decision to offset a portion of his annuity under the Federal Employees' Retirement System (FERS) in order to collect an overpayment. Initial Appeal File (IAF), Tab 1. On his appeal form, the appellant stated that he received a preliminary decision from OPM on April 2, 2018, that he filed a request for reconsideration on May 2, 2018, and that as of the date of the appeal, he had not received a reply to his reconsideration request. *Id.* at 4. The appellant subsequently sent an email to a Board email account stating that he had received a letter from the agency informing him that it no longer intended to offset his annuity to collect the overpayment, and as a result, he saw "no point in going forward with the appeal, unless they decide to reopen this matter at some later time." IAF, Tab 2 at 1.

On August 1, 2018, the administrative judge issued an acknowledgment order in which he summarized the above events, and concluded that it appeared that the appellant desired to withdraw his appeal. *Id*. In the order, the administrative judge informed the appellant that the withdrawal of an appeal is an act of finality, and that once the appeal was dismissed as withdrawn, the appellant would relinquish his right to refile his appeal. *Id.* at 1-2. The order stated that, if the appellant intended to withdraw his appeal, he would not need to take any further action and the appeal would be dismissed as withdrawn 14 days later, on August 15, 2018. *Id*. at 2. If he wished to proceed with his appeal, the administrative judge ordered the appellant to file a statement indicating so prior to August 15, 2018. *Id*. After the appellant failed to respond, the administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 4, Initial Decision (ID) at 1-2.

The appellant timely filed a petition for review in which he expresses concern that OPM may continue to pursue the overpayment offset, and requests that his "appeal rights be reinstated." Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

When an appellant directly petitions the full Board for review of an initial decision dismissing an appeal as withdrawn, the Board will treat the petition as a request to reopen his appeal. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶¶ 9-13 (2010). Ordinarily, an appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Id.*, ¶ 7. A voluntary withdrawal must be clear, decisive, and unequivocal. *Id.* Absent unusual circumstances, such as if the appellant received misinformation or was under mental distress at the time of withdrawal, or presents new and material evidence on review, the Board will not reinstate an appeal once it has been withdrawn. *Id.*, ¶ 9; *Auyong v. Department of the Navy*, 97 M.S.P.R. 267, ¶ 4 (2004).

In dismissing the appeal as withdrawn, the administrative judge determined that, while the email itself was not part of the Board record, based on the appellant's statements in the email expressing an interest in withdrawing, as well as the appellant's failure to respond to the order, the appellant's inaction manifested a knowing and voluntary intention to withdraw his appeal. *See* ID at 2. We disagree. In expressing an interest in withdrawing his appeal, the appellant used conditional language, stating that he did not see any point in moving forward with his appeal, "unless [OPM] decide[s] to reopen this matter at some later time." IAF, Tab 2 at 1. Such an expression is predicated on the belief that he could refile his appeal, suggesting that the appellant did not understand that withdrawal is an act of finality. *Id.*; *see Rose v. U.S. Postal Service,*

106 M.S.P.R. 611, ¶ 12 (2007) (finding that the appellant's request to withdraw was not unequivocal when he based his withdrawal on certain conditions). Additionally, the administrative judge dismissed the appeal as withdrawn based solely on the appellant's inaction and his failure to timely respond to the order, rather than in response to an affirmative statement unequivocally confirming that it was his intent to withdraw his appeal.

Based on the existing record, and considering the appellant's pro se status, we cannot conclude that the appellant's failure to respond to the administrative judge's order is the kind of clear, unequivocal, and decisive action necessary to effectuate the withdrawal of an appeal. *See Ramos v. Office of Personnel Management*, 82 M.S.P.R. 65, ¶ 7 (1999) (finding that the appellant's mere acquiescence to statements made by the administrative judge were not the kind of clear and unequivocal statement necessary to effect a withdrawal).

A question remains whether the Board has jurisdiction over this appeal.

As the administrative judge observed, and as the appellant appears to have conceded, at the time the appellant filed his Board appeal, he had not yet received a response from OPM regarding his reconsideration request, and thus, it appears that OPM had not yet issued a final decision on his reconsideration request. *See* IAF, Tab 1 at 4; ID at 1 n.1. The Board generally has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). However, because the administrative judge did not apprise the appellant of his jurisdictional burden, the appellant never received notice of what he was required to show in order to prove Board jurisdiction over his appeal. On remand, the administrative judge should permit the parties the opportunity to address the jurisdictional issue

and, if appropriate, issue an initial decision dismissing the appeal for lack of jurisdiction.[2]

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

_____

[2] If, on remand, the administrative judge dismisses the appeal for lack of jurisdiction because OPM has not issued a final decision, the appellant is advised that he would be entitled to file a new Board appeal of any subsequent final decision issued by OPM on this overpayment matter.  *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308.  Any future appeal must be filed within the time limits set forth in the Board's regulations.  *See* 5 C.F.R. § 1201.22(b)(1).